IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CSS, INC.,

          Plaintiff,

v.                                       CIVIL ACTION NO.   2:16-cv-01762

CHRISTOPHER HERRINGTON, et al.,

          Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is the defendants' Motion to Dismiss [ECF No. 17].

For the reasons detailed below, the Motion is **GRANTED**.

## I.    Issue Presented

The issue presented is whether the filing of an *application* for registration of a work with the Copyright Office is sufficient to allow a party to initiate an infringement claim in federal court pursuant to the Copyright Act's mandatory pre-suit registration provision. The Fourth Circuit has not addressed this question, and those circuits that have are split between two different approaches. After examining those circuit decisions, I decide that the mere submission of an application for registration does not constitute registration under the Copyright Act.

II.     Background

The plaintiff initiated this case by filing its Complaint [ECF No. 1] with the
United States District Court for the Southern District of West Virginia on February
23, 2016. The plaintiff alleges that "[v]enue is proper in the Southern District of West
Virginia as all Defendants reside in Wood County, West Virginia." Compl. ¶ 9.
According to the plaintiff, "[j]urisdiction is proper as a federal claim is involved
pursuant to the Copyright Act, and the Court has supplemental jurisdiction over all
other claims, which are part of the same case or controversy." Compl. ¶ 10.

The Complaint alleges eight counts: (1) copyright infringement, (2) breach of
contract, (3) violation of duty of loyalty, (4) tortious interference with existing or
potential business relationships, (5) unjust enrichment, (6) misappropriation of trade
secrets, (7) injunctive relief, and (8) declaratory judgment. The defendants' Motion
argues that the plaintiff is unable to state a claim for copyright infringement
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and because an
alleged violation of the Copyright Act is the sole basis for federal question subject
matter jurisdiction in this case, the defendants argue the court lacks supplemental
jurisdiction over all remaining claims. Defs.' Mem. Supp. Mot. Dismiss 4 [ECF No.
18]. As the Motion is based only upon issues involving the Copyright Act, I will not
address the plaintiff's remaining claims.

### III.   Legal Standard

Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Application of the Rule 12(b)(6) standard requires that I "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Andon, LLC v. City of Newport News*, 813 F.3d 510, 513–14 (2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### IV.   Discussion

"Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164–65 (2010). "Subject to certain exceptions, the Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement." *Id.* at 157. The Supreme Court has held that the Copyright Act's registration requirement imposes a type of *precondition* to suit that "does not implicate the subject-matter jurisdiction of federal courts." *Id.* at 169.

In its Complaint, the plaintiff states that it "has numerous pending copyright applications on file with the United States Copyright Office for its computer programs." Compl. ¶ 12. The defendants squarely challenge the plaintiff's copyright infringement action on the grounds that the plaintiff has not registered its software programs, but it has merely filed an application for registration.

The Fifth, Seventh, and Ninth Circuits have taken the "application approach," ruling that a party's filing of an application with the Copyright Office constitutes "registration" under the Act. *See Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir. 1984); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010). The Tenth and Eleventh Circuits follow the "registration approach," and they have ruled that the Register of Copyrights must affirmatively determine whether copyright protection is warranted before registration may occur under the Act. *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1201–02 (10th Cir. 2005), *abrogated on other grounds by Muchnick*, 559 U.S. 154; *M.G.B. Homes, Inc. v. Ameron Homes, Inc.* 903 F.2d 1486, 1489 (11th Cir. 1990) (acknowledging that dismissal was appropriate because the Copyright Office had not issued a registration certificate prior to the initiation of the suit).

The Copyright Act's pre-suit registration requirement is located at 17 U.S.C. § 411(a). In pertinent part, the statute states the following:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the

> copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).[1] The statutory definition of the term "registration" is unhelpful in determining what constitutes registration for the purpose of § 411(a)'s pre-suit registration requirement: "'Registration' . . . means a registration of a claim in the original or the renewed and extended term of copyright." 17 U.S.C. § 101. Even so, other provisions within the Copyright Act are informative.

Section 408(a) of the Copyright Act states that "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee." 17 U.S.C. § 408(a). Section 410 states that "[w]hen, *after examination*, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter, . . . the Register *shall register* the claim and issue to the applicant a certificate of registration." 17 U.S.C. § 410(a) (emphasis added). The statute goes on to state that "[i]n any case in which the Register of Copyrights determines that . . . the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register *shall refuse registration*." 17 U.S.C. § 410(b) (emphasis added). Further, the statute dictates that, "[t]he effective date of a

---

[1] The Copyright Act's "preregistration" provisions are not implicated in this case.

copyright registration is the day on which an application, deposit, and fee, *which are later determined by* the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d) (emphasis added).

As always in deciding questions of statutory interpretation, I begin with the text of the statute. *See Othi v. Holder*, 734 F.3d 259, 265 (4th Cir. 2013). "Unless Congress indicates otherwise, 'we give statutory terms their ordinary, contemporary, and common meaning.'" *Id.* (quoting *United States v. Powell*, 680 F.3d 350, 355 (4th Cir. 2012)). "To determine a statute's plain meaning, we not only look to the language itself, but also the specific context in which that language is used, and the broader context of the statute as a whole." *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 258 (4th Cir. 2013).

In order to seek registration of a copyrightable work, § 408 requires a person to (1) submit an application, (2) deposit a copy of the work with the Copyright Office, and (3) pay a fee. 17 U.S.C. § 408(a). Once these requirements are met, the Copyright Act states that the Register will examine the submissions to determine if the work is proper for registration. 17 U.S.C. § 410(a). If the Register determines that all of the legal requirements are met, the statute states that "the Register shall register the claim and issue to the applicant a certificate of registration." *Id.* In other words, the plain meaning of § 410(a) is that registration under the Copyright Act occurs once the Register independently decides to "register the claim and issue to the applicant a

6

certificate of registration" based upon a review of the submitted materials. *See id.*

Further, the statute states that the Register *shall refuse* registration if he or she

determines that the work is not copyrightable or the application is otherwise

defective. 17 U.S.C. § 410(b). Even so, a party may initiate a copyright infringement

action once the Register refuses to register a work. 17 U.S.C. § 411(a) ("In any case,

however, where the deposit, application, and fee required for registration have been

delivered to the Copyright Office in proper form and registration has been refused,

the applicant is entitled to institute a civil action for infringement."). The plain

meaning of these provisions is that the Copyright Office should take some action—

whether to accept or refuse an application—before a party may bring a copyright

infringement suit.

Courts applying the application approach—that is, deeming the mere

submission of an application to the Copyright Office to satisfy the registration

requirement under § 411(a)—have nonetheless determined that the statute is

ambiguous. The Ninth Circuit succinctly explains the rationale supporting the

application approach:

> [Section] 408 blurs the line between application and registration and
> favors the application approach. In setting forth the permissive
> registration requirements, § 408 states: "[T]he owner of a copyright or
> any exclusive right in the work *may obtain registration . . . by delivering*
> to the Copyright Office the deposit specified by this section, together
> with the application and fee specified. This section implies that the sole
> requirement for obtaining registration is delivery of the appropriate
> documents and fee.

> One final relevant subsection of the Act, § 410(d), could be read as supporting either the application or registration approach. . . . Because this subsection dates a later-approved registration as of the date of its application, it supports the interpretation that application is the critical event. However, because this back-dating does not occur until after the Copyright Office or a court has deemed the registration acceptable, the statute could be read to require action by the Register to effect registration.
>
> We are not persuaded that the plain language of the Act unequivocally supports either the registration or application approach.

*Cosmetic Ideas, Inc.*, 606 F.3d at 617–18 (citations omitted).

I, however, disagree with the reasoning for the application approach. Instead, I agree with the learned Judge Richard D. Bennett's decision from the the United States District Court for the District of Maryland:

> This Court finds that 17 U.S.C. § 411(a) when read to give the words their ordinary, contemporary, and common meaning, clearly evidences Congress' intent to require something more than application for a copyright prior to filing suit. Section 411(a) specifically states that *preregistration or registration* are required to file an action for infringement. In fact, the term *application* is used in the same section and is clearly something separate and apart from registration. Congress also specifically described the process of seeking registration . . . without labeling this process as *registration* for purposes of Section 411(a). This Section evidences Congress' intent for the United States Copyright Office to be able to apply its expertise to review applications to determine whether *registration* is warranted and specifically provides for a course of action to allow suit when the Copyright Office takes action and denies an applicant's registration. This process reflects understandable public policy.

*Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362, 368–69 (D. Md. 2005) (Bennett, J.). Further, the Supreme Court, in *dicta*, has indicated that the mere submission of an application for registration is not enough: "Although registration is 'permissive,'

8

both the certificate [of registration] and the original work must be on file with the Copyright Office before a copyright owner can sue for infringement." *Petrella v. Metro-Goldwin-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014) (citing 17 U.S.C. §§ 408(b), 411(a)).

Importantly, the Copyright Office, which is tasked with interpreting and applying the Act, agrees that simply submitting an application does not satisfy the pre-suit registration requirement under § 411(a). On October 2, 2015, the Associate Register of Copyrights and Director of Registration Policy and Practice for the U.S. Copyright Office, Robert J. Kasunic, Esq., gave a keynote address at Columbia Law School. Mr. Kasunic had this to say about the application approach:

> I would also like to mention an area of enormous concern to the Office and the Register's statutory authority. As I said, under the congressional design of the statute, the Office is placed in an intermediary position to the courts. As a prerequisite to bringing a copyright infringement suit, sections 410 and 411(a) require the Register to determine whether to register or refuse a claim in copyright of a work. Some courts have interpreted this to mean that a creator or owner must simply have filed an application for registration with the Office, the so-called "Application Rule." However, under any interpretation of the Act, an application for registration is not the same thing as the issuance of a certificate of registration or a refusal by the Office.
>
> . . .
>
> [T]here are other reasons why the Application Rule is inappropriate. First, any applicant in litigation can request, for a fee, "special handling," which expedites the examination of a claim in litigation to five business days. Second, if the court moves forward with a case in which the Register has not made a decision, not only does the court lose the benefit of the Office's findings with respect to the legal and formal

requirements of the Copyright Act, . . . but the court deprives the Register of a clear statutory right in cases that result in refusal. Congress clearly intended this mediation as an important benefit to the courts by making it a prerequisite to filing an action for infringement. . . . [T]he Application Rule not only violates the congressional scheme, but does a disservice to the legal process and the intended benefit that the Office was intended to provide to the courts.[2]

Robert Kasunic, *Copyright From Inside the Box: A View from The U.S. Copyright Office*, 39 Colum. J.L. & Arts 311, 319–20 (2016).

In addition to my examination of the plain meaning of the relevant statutory provisions, I consider the interpretation of the Copyright Act by a senior official at the U.S. Copyright Office to be highly persuasive. Accordingly, I **FIND** that an owner of a copyright is entitled to sue for copyright infringement under § 411(a) only upon the decision of the Copyright Office to register or refuse to register the owner's copyright claim.

Turning now to the specific allegations of this case, the Complaint's singular reference to the Copyright Act's registration process states that "Plaintiff has numerous pending copyright applications on file with the United States Copyright Office for its computer programs." Comp. ¶ 12. Nothing in the Complaint suggests that the Copyright Office has taken any action regarding the plaintiff's pending applications. Accordingly, I **FIND** that the plaintiff has failed to present sufficient

---

[2] It is worth noting that the Copyright Office does not create an online public record or assign a record number for any protected work until *after* the Register issues a certificate of registration. U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 209 (3d ed. 2014).

facts to allege that it has satisfied the mandatory pre-suit conditions established by

17 U.S.C. § 411(a), and thus the plaintiff is unable to pursue its present copyright

infringement claim at this time.

According to the defendant, once I determine that the plaintiff's infringement

claim must be dismissed, the remaining claims must also be dismissed. Mem. Supp.

Mot. 4 ("As Plaintiff no longer satisfies federal question jurisdiction, this Court no

longer has supplemental jurisdiction over Plaintiff's other claims."). The court's

supplemental jurisdiction derives from statute:

> [I]n any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over
> all other claims that are so related to claim in the action within such
> original jurisdiction that they form part of the same case or controversy
> under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Under § 1367(c), the court *may decline* to exercise supplemental

jurisdiction over a claim if the court "has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, the defendants are incorrect in

stating that a district court lacks supplemental jurisdiction simply because a court

dismisses the underlying claim that triggered the court's original jurisdiction. 13D

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d

ed. 1998) ("The fact that dismissal under § 1367(c) is discretionary—and not

jurisdictional—is now absolutely clear." (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*,

556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise

11

[supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.")))

Even though I have jurisdiction over the plaintiff's remaining claims, I note that the plaintiff has remained completely silent on the issue of whether I should grant the defendants' Motion with regard to exercising my discretion under § 1367(c) to dismiss the plaintiff's residual claims. Absent any advocacy from the plaintiff, I am not inclined to separate the remaining claims from the copyright claim. Accordingly, I **FIND** that the remaining claims should be dismissed.

## V.   Conclusion

For the reasons given above, the defendants' Motion to Dismiss [ECF No. 17] is **GRANTED**. The court **ORDERS** that this case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER:      August 18, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

12